UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 99-208-CR-SEITZ

UNITED STATES OF AMERICA,

vs.

ANDRE DUPREE COGDELL,

    Defendant.
_____/

## ORDER DENYING DEFENDANT'S MOTION FOR RECONSIDERATION

THIS MATTER is before the Court on Defendant Andre Cogdell's Motion for Reconsideration of Defendant's Motion for Reduction of Sentence Pursuant to Amendment 782 [DE 317]. In 2015, Defendant moved for a sentence reduction under § 3582(c)(2) and Amendment 782 [DE 300]. In the order denying that motion [DE 305], the Court noted that Defendant "was not sentenced based on drug quantity or pursuant to the drug sentencing guidelines. Instead, he was sentenced under the career offender sentencing guidelines, pursuant to U.S.S.G. § 4B1.1." Thus, the Court found that Amendment 782 had no effect on Defendant's sentence. Several years later, in 2018, Defendant filed his Motion for Modification of Sentence Pursuant to 18 U.S.C. § 3582(c)(2) in Light of Amendment 782 [DE 308]. For the same reason that his earlier motion was denied, this later motion was denied [DE 316]. Defendant now seeks reconsideration of the most recent order denying his request for a sentence modification.

Defendant maintains that the Court's order denying his motion to reduce his sentence ignored the law of the case in this case. "Under the law of the case doctrine, both district courts and appellate courts are generally bound by a prior appellate decision in the same case."

*Alphamed, Inc. v. B. Braun Med., Inc.*, 367 F.3d 1280, 1285–86 (11th Cir. 2004) (footnote omitted). Specifically, Defendant argues that the Eleventh Circuit held that Defendant's statutory maximum sentence under 21 U.S.C. § 841(b)(1)(C) was thirty years and, thus, under the Career Offender Guideline, § 4B1.1., his offense level should have been 34 not 37. However, in that same order the Eleventh Circuit also affirmed Defendant's sentence. *See* DE 204. Consequently, under the law of the case doctrine, Defendant's motion should be denied because his sentence has become the law of the case.

Furthermore, Defendant is time barred from raising this issue now. Under Federal Rule of Criminal Procedure 35(a), Defendant has 14 days from the date of sentencing to challenge a sentence that resulted from "arithmetical, technical, or other clerical error." *See also United States v. Black*, 522 Fed. App'x 803, 805 (11th Cir. 2013) (when the 14 days under Rule 35(a) are up, the court loses jurisdiction to correct a sentence under that subdivision of the rule). Defendant argues that the Court erred in calculating his sentence because it used the wrong base offense level. Thus, he had 14 days to challenge that technical error. That time has long since run. Consequently, the motion is untimely.

Finally, to the extent Defendant's motion is based on 18 U.S.C. § 3582(c)(2), he is entitled to no relief. As set out in previous orders denying Defendant a reduction in his sentence, Defendant was not sentenced based on "a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o)." 18 U.S.C. § 3582(c)(2). Defendant was sentenced under the career offender guidelines, not the drug offense guidelines. Unfortunately for Defendant, it is the drug offense guidelines, not the career offender guidelines, that have been lowered by the Sentencing Commission. Consequently, § 3582(c)(2) is

inapplicable.

Accordingly, it is hereby

ORDERED that Defendant Andre Cogdell's Motion for Reconsideration of Defendant's Motion for Reduction of Sentence Pursuant to Amendment 782 [DE 317] is DENIED.

DONE and ORDERED in Miami, Florida, this 31st day of October, 2018.

PATRICIA A. SEITZ
UNITED STATES DISTRICT JUDGE

cc: All counsel of record/Pro se parties