UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 99-CR-00208-SEITZ

UNITED STATES OF AMERICA,

v.

ANDRE COGDELL,

    Defendant.
_____/

## ORDER DENYING DEFENDANT'S *PRO SE* MOTION TO REDUCE SENTENCE PURSUANT TO 18 U.S.C. § 3582

THIS MATTER is before the Court on Defendant Andre Dupree Cogdell's *pro se* Motion for Sentence Reduction Pursuant to 18 U.S.C. § 3582 [DE 341] and Motion to Supplement Issue and Expedite Ruling on the Motion [DE 342]. The Government filed responses to both. [DE 343; DE 349.] Defendant argues he is entitled to a sentence reduction because he is no longer a career offender pursuant to the amended sentencing guidelines, and that his and his mother's health conditions justify compassionate release. For the reasons stated below, the Motions must be denied.

### I.    BACKGROUND

Following a jury trial, Defendant Cogdell was sentenced on May 23, 2000 to 420 months' imprisonment for conspiracy to possess with intent to distribute cocaine under 21 U.S.C. § 846, carrying a firearm during a drug trafficking crime under 18 U.S.C. § 924(c)(1) and (2), and felon in possession of a firearm under 18 U.S.C. § 922(g)(1) [DE 183]. At sentencing, Defendant was classified as a career

1

offender pursuant to U.S.S.G. § 4B1.1(a) because of two prior convictions for a crime of violence and a controlled substance offense, specifically aggravated assault and possession of cocaine with intent to sell. [PSI ¶¶ 43–44.] His sentence was affirmed on direct appeal. [DE 204.] This Court has previously denied Defendant's petition to vacate pursuant to 28 U.S.C. § 2255 [DE 265], two motions for sentence reduction based on amendments to sentencing guidelines [DE 305; DE 316], and a motion for compassionate release [DE 327]. To date, Defendant has served more than 20 years of his prison term and is currently housed at FCI Coleman Medium. His expected release date is December 22, 2029.

## II.    LEGAL STANDARD

Once a court imposes a sentence of imprisonment, it is considered a final judgment that generally may not be modified. *United States v. Armstrong*, 347 F.3d 905, 909 (11th Cir. 2003); 18 U.S.C. §§ 3582(b) & 3582(c)(1)(B). However, a defendant may move for a sentence reduction under 18 U.S.C. § 3582(c)(1)(A) after he or she has exhausted administrative remedies with the Bureau of Prisons ("BOP"). A court may reduce a defendant's term of imprisonment under 18 U.S.C. § 3582(c)(1)(A) if three conditions are met: (1) the § 3553(a) factors favor doing so; (2) extraordinary and compelling reasons justify the reduction; and (3) doing so would not endanger the community. *See United States v. Tinker*, 14 F.4th 1234, 1237 (11th Cir. 2021). Courts can only reduce a sentence if doing so is consistent with the parameters set forth in U.S.S.G. § 1B1.13's policy statement governing 18 U.S.C. § 3582(c)(1)(A) motions. *Id.*

## III. DISCUSSION

### a. Failure to Exhaust Administrative Remedies

As a preliminary matter, although it is not a jurisdictional requirement, the Government may raise failure to exhaust administrative remedies as a defense. *Santiago-Lugo v. Warden*, 785 F.3d 467, 475 (11th Cir. 2015). Here, although Defendant did not state whether he exhausted administrative remedies, the Government confirmed with the BOP that Defendant has not presented any new petitions since his June 2020 compassionate release request, which was denied. [DE 343 at 3–4.] On that alone, Defendant's Motions could be denied. However, even if Defendant had exhausted administrative remedies, he is not eligible for a sentence reduction under 18 U.S.C. § 3582(c)(1)(A).

### b. Defendant's Motions for Compassionate Release

Defendant argues that he has presented extraordinary and compelling reasons in two ways. First, the new subsection in U.S.S.G. § 1B1.13's policy statement states nonretroactive changes in the law can be extraordinary and compelling reasons justifying release. [DE 346 at 3.] Specifically, Defendant argues that following the Eleventh Circuit's holding in *United States v. Dupree*, 57 F.4th 1269 (11th Cir. 2023), which held that inchoate crimes cannot serve as the basis for career offender determinations because they are not expressly included in the guideline text of U.S.S.G. § 4B1.2, he would no longer be sentenced as a career offender. However, since *Dupree*, U.S.S.G. § 4B1.2 was amended to include inchoate crimes. As such, Defendant would still be sentenced within the same range under

3

U.S.S.G. § 4B1.2 because his conspiracy charge is now expressly included in determining whether he is a career offender.

Next, Defendant argues that his and his mother's health situation constitutes extraordinary and compelling reasons under § 1B1.13(b)(1) or the newly added § 1B1.13(b)(3), which states the incapacitation of a parent when the defendant would be the only caregiver may justify compassionate release. [DE 346 at 3.] Even if this rose to the level of extraordinary and compelling, Defendant did not provide any documentation detailing his or his mother's medical conditions, or provide any proof that he is the only relative who can care for her as opposed to other family members. While the Court sympathizes with Defendant's inability to see his mother, more information is necessary to determine whether either health situation rises to the level of extraordinary and compelling.

Regardless of whether Defendant presented extraordinary and compelling reasons, the § 3553(a) factors do not justify compassionate release because Defendant did not a) provide evidence of a continued record of good behavior and steps while incarcerated to demonstrate a commitment to rehabilitation; b) a concrete reentry plan outlining where he will work to support himself and his mother; and c) documentation detailing his mother's health condition and confirming that he is the only individual who can care for her. This is the minimum evidence Defendant must provide to meet his burden under § 3582(c)(1)(A). If Defendant prepares such documentary evidence to present to the BOP

administrative process, the BOP might entertain his petition for early release to home confinement. Accordingly, it is

**ORDERED** that

1. Defendant Andree Cogdell's *pro se* Motion for Sentence Reduction Pursuant to 18 U.S.C. § 3582 [DE 341] is **DENIED.**

2. Defendant Andree Cogdell's *pro se* Motion to Supplement Issue and Expedite Ruling on the Motion for Compassionate Release [DE 342] is **DENIED**.

DONE and ORDERED in Miami, Florida, this 14th day of February, 2024.

*Patricia A. Seitz*
PATRICIA A. SEITZ
UNITED STATES DISTRICT JUDGE

cc: All counsel of record
U.S. Probation Office